IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**CHARLES N. BROWN,**

        **Plaintiff,**

v.

**JOHN REX, M.D.; STEVE SHELTON, M.D.; JOHN VARGO, M.D.; MARY RAINES, R.N.; TED RANDALL, M.D.; MICHAEL PUERINI, M.D.; BARTH GULICK, M.D.; and GEORGE DEGNER, M.D.,**

        **Defendants.**

07-CV-637-BR

OPINION AND ORDER


**CHARLES N. BROWN**
SID #4174405
Snake River Correctional Institute
777 Stanton Blvd
Ontario, OR 97914

        Plaintiff, *Pro Se*

1 - OPINION AND ORDER

**HARDY MYERS**
Attorney General
**ELIZABETH K. BONUCCI**
**JACQUELINE SADKER**
Assistant Attorneys General
1162 Court Street N.E.
Salem, OR 97301-4096
(503) 947-4700

       Attorneys for Defendants

**BROWN, Judge.**

    This matter comes before the Court on Defendants' Unenumerated 12B Motion to Dismiss (#63). For the reasons that follow, the Court **GRANTS** Defendants' Motion.

### BACKGROUND

    Plaintiff Charles N. Brown, an inmate at Snake River Correctional Institution, brings this action pursuant to 42 U.S.C. § 1983 and alleges Defendants violated his Eighth Amendment rights by failing to address his "serious medical needs." Defendants move to dismiss Plaintiff's claims on the ground that Plaintiff has not exhausted his administrative remedies.

### STANDARDS

    In the Ninth Circuit, failure to exhaust administrative remedies "should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion

2 - OPINION AND ORDER

for summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). To decide a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20.

Unlike summary judgment, dismissal for failure to exhaust administrative remedies is not a decision on the merits. *Id.* "If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Id.* at 1120.

## DISCUSSION

### I. Prison Litigation Reform Act Exhaustion Requirement

As noted, Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

Section 1983 creates a private right of action against persons who, acting under color of state law, violate federal constitutional or statutory rights. *Devereaux v. Abbey,* 263 F.3d 1070, 1074 (9th Cir. 2001).

The Prison Litigation Reform Act (PLRA) of 1995 amended 42

3 - OPINION AND ORDER

U.S.C. § 1997e to provide "[n]o action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is mandated regardless of the relief offered through the prison administrative procedures.  *Booth v. Churner*, 532 U.S. 731, 121 S. Ct. 1819, 1825 (2001).

The exhaustion requirement applies to all inmate lawsuits relating to prison life whether they involve general circumstances or particular episodes and whether the inmates allege excessive force or some other wrong.  *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 988-89 (2002).  In addition, the Supreme Court held in *Booth* that prisoners are obligated to navigate the prison's administrative review process "regardless of the fit between a prisoner's prayer for relief and the administrative remedies possible."  532 U.S. at 739-41.  Accordingly, the Ninth Circuit has held "plaintiffs must pursue a remedy through a prison grievance process as long as *some* action can be ordered in response to the complaint."  *Brown v. Valoff*, 422 F.3d 926, 934 (9th Cir. 2005)(emphasis in original).  Even if the relief the prisoner receives is nothing more than "corrective action taken in response to an inmate's grievance [that] . . . improve[s] prison administration and satisf[ies] the inmate," it

4 - OPINION AND ORDER

is sufficient relief for an inmate to continue with the administrative process.  *Id*. at 936 (quoting *Porter*, 534 U.S. at 525).  Nevertheless, "*Booth* does not require exhaustion when *no* pertinent relief can be obtained through the internal process." *Id*. at 935 (emphasis in original)(citing *Booth*, 532 U.S. at 736).

Exhaustion of administrative remedies under 42 U.S.C. § 1997e(e) is an affirmative defense.  *Wyatt*, 280 F.3d at 1245. "[D]efendants have the burden of raising and proving the absence of exhaustion."  *Id.* at 1120.

> Relevant evidence in so demonstrating would include . . . regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case.

*Brown*, 422 F.3d at 937.  As noted, if the court concludes an inmate has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice.  *Wyatt*, 315 F.3d at 1119-20.

**II.  Oregon Department of Corrections Grievance Procedure**

Inmates at Oregon Department of Corrections (ODOC) facilities are required to communicate with "line staff" verbally or in writing to resolve a dispute before filing a grievance.  If communication with line staff does not resolve an inmate's issue, the inmate may then file a grievance form within 30 days of the incident or conflict.  Inmates must attach copies of their

5 - OPINION AND ORDER

previous communications with line staff to their grievance forms to demonstrate that they attempted to resolve the conflict informally before filing their grievance. If an inmate is not satisfied with the response to his or her grievance, the inmate may file an appeal to the functional unit manager by completing a grievance appeal form and filing it with the grievance coordinator within 14 days from the time the response was sent to the inmate. The grievance coordinator then assigns the grievance a number and records it in the grievance log.

An inmate may appeal the functional unit manager's decision by submitting to the assistant director an appeal form, the original grievance, attachments, and staff responses. The grievance coordinator then date-stamps and logs in the appeal. The decision of the assistant director is final and is not subject to further review.

The Oregon Department of Corrections (ODOC) informs inmates of the grievance procedure at their mandatory Admission and Orientation class held when inmates first arrive at a facility. In addition, information about the procedure is contained in the inmate handbook. Inmates may obtain grievance forms and instructions from any housing-unit officer.

## III. Analysis

Defendants identify Plaintiff's numerous grievances and contend Plaintiff did not exhaust the required administrative

6 - OPINION AND ORDER

procedures as to the grievances underlying his claims in this action because he failed to appeal those grievances through the assistant director.  In response, Plaintiff contends grievance numbers M05-09-05 and 2007-07-026 listed by Defendants are either totally unrelated to this action or are not "grievances."  With respect to the grievances underlying his claims, Plaintiff contends he exhausted his remedies as to those grievances to the extent he believed possible.

The Court agrees Plaintiff did not have to exhaust administrative procedures as to grievance numbers M05-09-05 and 2007-07-026 because they do not form the basis of this action.  The record, however, does not reflect Plaintiff pursued any of his grievances pertinent to this case through the final stage of the grievance appeals process.  Although Plaintiff alleges he could not appeal some of the decisions on his remaining grievances because they were returned to him for failure to follow proper grievance procedure, that is not a sufficient reason for either failing to appeal a grievance or for failing to follow proper administrative procedures pursuant to the PLRA.  The Court, therefore, concludes Plaintiff has not exhausted his administrative remedies as to the grievances that form the basis of his claims in this action.

Accordingly, the Court grants Defendants' Unenumerated 12B Motion to Dismiss.

7 - OPINION AND ORDER

## **CONCLUSION**

For these reasons, the Court **GRANTS** Defendants' Unenumerated Rule 12B Motion to Dismiss (#63) and **dismisses** this matter **without prejudice**.

IT IS SO ORDERED.

DATED this 24th day of March, 2008.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

8 - OPINION AND ORDER